UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JAZMINE I. ROBERTS,

           Plaintiff,

    v.

CVS and YUSHAN LIU,

           Defendants.

**MEMORANDUM AND ORDER**
24-CV-1557 (HG) (PK)

---

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff Jazmine I. Roberts commenced this *pro se* civil action on February 26, 2024. ECF No. 1 (Complaint). On the same day, Plaintiff moved to proceed *in forma pauperis*. ECF No. 2 (Motion for Leave to Proceed *In Forma Pauperis*). Plaintiff's motion to proceed *in forma pauperis* is granted. However, for the reasons stated herein, the Court dismisses Plaintiff's Complaint.

## FACTUAL BACKGROUND

    Plaintiff filed her Complaint using the form complaint for civil rights actions and alleges the basis for jurisdiction as 42 U.S.C. § 1983. ECF No. 1 at 4. Plaintiff's Complaint is difficult to decipher, and she does not identify the state actors against whom she is pursuing her Section 1983 claim. Plaintiff broadly alleges a claim relating to the "denial of health care benefits" and asserts problems with her Medicare and Medicaid coverage. *Id.* at 4. However, the only Defendants she names are a private pharmacy and one of its employees. *Id.* at 1. Plaintiff describes events that occurred on February 24, 2024 at a CVS store in Flushing, Queens. *Id.* at 5. Plaintiff alleges that a pharmacy technician, Defendant Yushan Lui, told her that her Medicare member ID was inactive, that Medicaid did not cover the requested medication, and that her new ID card had different information than her previous card. *Id.* at 5. Plaintiff states

that she has been unable to get the medication.  *Id.*  Plaintiff alleges "psychological abuse" and requests an unspecified amount of compensatory damages.  *Id*. at 6.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[1]  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The Court's obligation "to construe a *pro se* complaint liberally" continues to apply "[e]ven after *Twombly*" established the plausibility standard for assessing pleadings.  *Newsome v. Bogan*, 795 F. App'x 72, 72 (2d Cir. 2020).  A district court shall dismiss an *in forma pauperis* action where it finds the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Plaintiff fails to state a claim upon which relief may be granted.  For Plaintiff to bring a claim under Section 1983, Plaintiff must show that the harm was "committed by a person acting under color of state law," and that the action "deprived [the plaintiff] of rights, privileges, or

---

[1]   Unless noted, case law quotations in this Order accept all alterations and omit all internal quotation marks, citations, and footnotes.

2

immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Subject to limited exceptions, Section 1983 does not apply to claims against private individuals or private organizations. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–51 (1999) ("the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct"). A private entity does not become a state actor merely because it (i) performs under a state contract, (ii) accepts state or federal funds, or (iii) is subject to state regulation. *Cranley v. Nat'l Life Ins. Co. of Vt.*, 318 F.3d 105, 112 (2d Cir. 2003) ("A finding of state action may not be premised solely on the private entity's creation, funding, licensing, or regulation by the government."); *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982) ("Acts of such private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts."); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974) ("The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State.").

Defendant CVS is a private pharmacy provider and Defendant Yushan Lui is CVS employee. *See Madison v. CVS*, No. 22-cv-4221, 2022 WL 17793254, at *2 (S.D.N.Y. Dec. 19, 2022) ("Plaintiff asserts claims against CVS, which is a private entity, and CVS employees, who are private parties."). Plaintiff has not alleged that CVS nor Yushan Lui have acted under color of state law or violated any of her constitutional rights. A defendant's participation in Medicare and Medicaid programs does not make that defendant a state actor. *See, e.g. Houston v. Highland Care Ctr., Inc.*, No. 23-cv-8186, 2024 WL 638721, at *2 (E.D.N.Y. Jan. 26, 2024) ("The defendant is not a state actor simply because it participated in Medicare and Medicaid programs."). Consequently, because both Defendants "are private parties who do not work for any state or other government body, and Plaintiff does not allege any facts suggesting that these

Defendants acted jointly with the State, these Defendants are not liable under Section 1983, and Plaintiff's claims against them must therefore be dismissed. *Madison*, 2022 WL 17793254, at *3. Plaintiff's Section 1983 claims are therefore dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Although district courts typically allow *pro se* plaintiffs an opportunity to amend their complaints, the Court denies leave to amend because the nature of the defects in Plaintiff's claims would render any amendment futile. *See, e.g.*, *Madison*, 2022 WL 17793254, at *3 (denying leave to amend where court dismissed Section 1983 claims against CVS and its employees).

## CONCLUSION

For the reasons set forth above, the Complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Any potential state law claims are dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case. The Court's staff is mailing Plaintiff a copy of

this order, along with copies of the unpublished decisions referenced in this order, in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009).

SO ORDERED.

                                                          */s/ Hector Gonzalez*      .
                                                         HECTOR GONZALEZ
                                                         United States District Judge

Dated:  Brooklyn, New York
         April 2, 2024